FILED

2017 Mar-31  AM 09:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| TFO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:16-cv-00971-SGC |
| | ) | |
| VANTIV, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Presently pending is the partial motion to dismiss filed by defendant, Vantiv, Inc. (Doc. 11). The motion has been fully briefed and is ripe for adjudication. (*See* Docs. 15-16). For the reasons that follow, the motion is due to be granted, and aside from TFO's claim for breach of contract, all claims asserted in the complaint are due to be dismissed.

## I.     STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 17).

factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.   DISCUSSION

TFO is a business that entered into a contractual agreement with Vantiv, whereby Vantiv agreed to process credit and debit card payments made by TFO's customers.  (Doc. 1 at 2).  The complaint alleges that, beginning in April 2016, Vantiv "failed to properly process credit or debit card transactions." (*Id.*).  Slightly more specifically, the complaint alleges Vantiv has failed to credit TFO with money from its customers' purchases.  (*Id.*).  TFO also contends Vantiv began and continues to "re-run" its customers' card transactions, causing TFO's customers to be double charged for purchases.  (*Id.* at 2-3).  As a result, TFO alleges it has suffered, both because its customers blame it for double charging and because TFO has lost business as a result of its decision to cease accepting credit card payments. (*Id.* at 3).

On these facts, the complaint asserts claims for breach of contract, fraud, money had and received, unjust enrichment, negligence, and wantonness.  (*Id.* at 3-6).  Vantiv's motion seeks dismissal of all claims except breach of contract.  (Doc. 11).  In response, TFO concedes dismissal is appropriate regarding its claims for money had and received, unjust enrichment, and negligence; however, TFO opposes dismissal as to its other claims.  (Doc. 15 at 1).  Accordingly, the only claims at issue are TFO's claims for fraud and wantonness.   Each claim is addressed in turn.

A.   **Fraud**

Vantiv moves to dismiss TFO's fraud claim on two grounds.  First, Vantiv contends TFO has merely attempted to re-cast its breach of contract claim as a fraud claim.  (Doc. 11-1 at 3).  Next, Vantiv argues TFO has failed to plead its fraud claim with the particularity required under Rule 9(b) of the *Federal Rules of Civil Procedure*.  (*Id.* at 4).

Under Alabama law:

> The elements of fraud are (1) a false representation (2) of a material existing fact (3) relied upon the plaintiff (4) who was damaged as a proximate result of the alleged misrepresentation.  *Earnest v. Pritchett-Moore, Inc.,* 401 So. 2d 752 (Ala. 1981).  If the fraud is based upon a promise to perform or abstain from performing some act in the future, two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive.  *Clanton v. Bains Oil Co.,* 417 So. 2d 149 (Ala. 1982).

*P & S Bus., Inc. v. S. Cent. Bell Tel. Co.*, 466 So. 2d 928, 930 (Ala. 1985).  Additionally, a "mere breach of [] contract is not sufficient to support a charge of fraud" under Alabama law.  *McAdory v. Jones,* 71 So. 2d 526, 528 (Ala. 1954).  Courts sitting in this district have held that, in order to state a cognizable fraud claim under Alabama law, the conduct alleged must be independent from a breach of contract.  *Stone v. Koch Farms of Gadsden, LLC,* No. 12-3777-RBP, 2013 WL 121477, at *2–3 (N.D. Ala. Jan. 8, 2013); *Townson v. Koch Farms, LLC,* No. 13-1703-VEH, 2014 WL 1618376, at *2 (N.D. Ala. Apr. 22, 2014) (quoting Justice

Houston's concurring opinion in *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 11 (Ala. 2004)); *see also Brown-Marx Assocs., Ltd. v. Emigrant Sav. Bank*, 703 F.2d 1361, 1370-71 (11th Cir. 1983) ("Failure to perform a promise is not of itself adequate evidence of intent to support an action for fraud.  A mere breach of a contractual provision is not sufficient to support a charge of fraud.") (citations omitted).

Additionally, at the motion to dismiss stage, the Eleventh Circuit has held that the heightened pleading standard under Rule 9(b) requires a plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010).

Here, regarding fraud, TFO alleges: (1) TFO and Vantiv were parties to a contract under which Vantiv promised to process credit and debit card payments; (2) Vantiv's promise was false and made with intent to deceive TFO; (3) TFO relied on Vantiv's promise; and (4) Vantiv suffered damage as a result.  (Doc. 1 at 4-5).  These allegations fail to state a claim for fraud under both of the rationales advanced by Vantiv's motion to dismiss.  First, these allegations are completely dependent on TFO's breach of contract claim; the breach of contract is the only

"fraudulent" act alleged.  Moreover,  even if a breach of contract could constitute fraud, the claim is not pled with the particularity required under Rule 9(b).[2] Rather, TFO's fraud claim is stated in a conclusory fashion and lacks factual detail. Entirely absent are allegations regarding dates, specific statements, identities of individuals making fraudulent statements, or any fraudulent representations aside from the terms of the contract allegedly breached.  Accordingly, TFO's fraud claim will be dismissed for failure to state a claim.

### B.   Wantonness

In its motion, Vantiv contends TFO cannot maintain a claim for wantonness because Alabama law does not recognize a tort-like claim for a breach of contract. (Doc. 11-1 at 4-6).[3]  In response, TFO contends the cases on which Vantiv's motion relies pertain to negligence claims but not wantonness claims.  (Doc. 15 at 5-6).  However, TFO does not cite any law suggesting the facts alleged here would support a claim for wantonness.

The issues presented here have been persuasively addressed by a court sitting in this district.  In *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1289-90 (N.D. Ala. 2013), a case cited in Vantiv's motion to dismiss (*see*

---

[2] In response to Vantiv's motion to dismiss, TFO neither addressed Vantiv's Rule 9(b) arguments nor moved for leave to file an amended complaint alleging fraud with greater particularity.

[3] Vantiv also advanced this argument to support dismissal of TFO's negligence claim.  (Doc. 11-1 at 4-5).  Interestingly, TFO conceded that its claim for negligence is due to be dismissed but resisted the motion as to wantonness.  (Doc. 15 at 1, 5-6).

Doc. 11-1 at 5-6), the court dismissed a plaintiff's wantonness claim where the defendant's duty arose solely via a contract with the plaintiff.  In doing so, the court explained:

> Alabama law "does not recognize a tort-like cause of action for the breach of a duty created by a contract."  *McClung,* 2012 WL 1642209, at \*7, citing *Blake,* 845 F. Supp. 2d at 1210.  "[A] negligent failure to perform a contract . . . is but a breach of the contract."  *McClung,* 2012 WL 1642209, at \*7, quoting *Blake,* 845 F. Supp. 2d at 1210; *see also Barber v. Bus. Prods. Ctr., Inc.,* 677 So. 2d 223, 228 (Ala. 1996), overruled on other grounds by *White Sands Grp., LLC v. PRS II, LLC,* 32 So. 3d 5 (Ala. 2009) ("a mere failure to perform a contractual obligation is not a tort").  "A tort claim can only be asserted when the duty of reasonable care, which one owes to another in the course of day-to-day affairs, has been breached and causes personal injury or property damages."  *McClung,* 2012 WL 1642209, at \*7 (citing *Blake,* 845 F. Supp. 2d at 1209-10).

*Buckentin*, 928 F. Supp. 2d at 1290.  The undersigned finds the reasoning in *Buckentin* persuasive.  Accordingly, TFO's claim for wantonness is due to be dismissed because: (1) the complaint's only allegations of wrong doing concern Vantiv's breach of contract; and (2) the only duty alleged in the complaint arose because of the contract between the parties.

## III.   CONCLUSION

For all of the foregoing reasons, even accepting the allegations in the complaint as true, TFO has failed to state a claim for wantonness or fraud.  TFO further concedes its claims for money had and received, unjust enrichment, and negligence are due to be dismissed.  Accordingly, Vantiv's partial motion to

dismiss (Doc. 11) is **GRANTED** in its entirety and TFO's claims—aside from breach of contract—are **DISMISSED**.

Finally, Vantiv's pending motion for protective order (Doc. 22), which rests entirely on the pendency of the motion to dismiss, is **DENIED** as **MOOT** in light of this memorandum opinion and order.  The parties are **REMINDED** that any future motions regarding discovery disputes must comply with the undersigned's discovery dispute procedure.  (*See* Doc. 18 at 2-3).

**DONE** this 31st day of March, 2017.


STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE